IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEO BERGER,  )
 )
         Plaintiff,  )  2:08-cv-01688-GEB-EFB
 )
    v.  )  <u>ORDER</u>
 )
J.T. BRANDON, et al.  )
 )
         Defendants.  )
_____)

        Defendants J.T. Brandon, Ryan Davenport, and MacDowell, who are California Highway Patrol Officers (collectively, the "Officer Defendants"), move for dismissal of Plaintiff's retaliation claims alleged under 42 U.S.C. § 1983 and California Civil Code § 52. Further, Defendants El Dorado County Superior Court, Judge Suzanne Kingsbury, Tracy Miller, and Tania G. Ugrin-Capobianco (collectively, the "Court Defendants") move for dismissal of Plaintiff's request for an injunction sought under 42 U.S.C. § 1983.  Oral argument was heard on November 17, 2008.  Plaintiff concedes Tracy Miller should be dismissed but opposes the other motions.  Therefore, Tracy Miller is dismissed as a Defendant in this action.

Plaintiff's retaliation claims against the Officer Defendants allege they stopped him for speeding without probable cause and detained him for over 20 minutes, in retaliation for complaints he had previously made against them. Plaintiff alleges following the stop, he was issued a traffic citation for speeding 5 miles over the 65 miles-per-hour speed limit. Plaintiff was found guilty of this traffic infraction in the Traffic Division of the El Dorado County Superior Court. Plaintiff appealed that conviction to the Appellate Division of the El Dorado County Superior Court, which found "sufficient probable cause for the traffic stop" and affirmed the conviction. (Court Defs.' Req. for Judicial Notice Exh. A, Appellate Division of the Superior Court Order, pp. 3-4.) Plaintiff also alleges the Officer Defendants filed an "incorrect and malicious police report concerning this incident" and gave false testimony at the traffic court trial proceeding. (Compl. ¶ 47.) Plaintiff further alleges he "has received at least one threatening phone call from a person he believes to be Sgt. MacDowell." (Compl. ¶ 51.)

The Officer Defendants seek dismissal of Plaintiff's retaliation claims under the <u>Rooker-Feldman</u> doctrine, which "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." <u>Kougasian v. TMSL, Inc.,</u> 359 F.3d 1136, 1139 (9th Cir. 2004). But the doctrine does not apply to claims that do not "complain[] of a legal wrong allegedly committed by the state court and [do not] seek[] relief from the judgment of that court." <u>Noel v. Hall</u>, 341 F.3d 1148, 1163 (9th Cir. 2003). Nor does it apply to claims seeking "to set aside a state court judgment obtained through extrinsic fraud." <u>Kougasian,</u> 359 F.3d at 1141. The Officer

2

Defendants have not shown this doctrine applies to any of Plaintiff's retaliation claims.

The Officer Defendants also argue the claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Heck bars a § 1983 claim when a judgment in favor of the plaintiff "would necessarily imply the invalidity" of the plaintiff's conviction. Id. at 487. Heck also bars "state law claims arising from the same . . . misconduct" alleged in § 1983 claims. Susag v. City of Lake Forest, 94 Cal. App. 4th 1401, 1412-13 (2002). Plaintiff counters his retaliation claims do not necessarily imply the invalidity of his conviction.

Heck bars Plaintiff's retaliation claims that the Officer Defendants stopped him without probable cause, filed a false police report and gave false testimony, since granting this relief would necessarily imply the invalidity of his conviction. However, Plaintiff's allegations that the Officer Defendants unreasonably prolonged the time it took them to issue him a traffic citation and that MacDowell threatened him during a telephone call are not barred by Heck, since even if Plaintiff prevails on these claims that would not necessarily imply the invalidity of his conviction.

Lastly, the Court Defendants seek dismissal of Plaintiff's § 1983 claims, arguing he lacks standing to prosecute the claims. These claims concern Plaintiff's request for a recording of his traffic court trial proceeding at which Plaintiff was convicted of the speeding infraction. Plaintiff's attorney was advised by the Clerk's Office that the request was denied because the recording was the judge's notes and work product.

When the Appellate Division affirmed Plaintiff's conviction, it based its ruling on the findings of fact submitted by the trial

court, which it found were not substantially different from the findings of fact submitted by Plaintiff.  It also "listened to the audiotape of the [traffic court] trial proceedings," stating the "trial court's Engrossed Settled Statement fairly and accurately sets forth the proceedings below."  (Court Defs.' Req. for Judicial Notice Exh. A, Appellate Division of the Superior Court Order, p. 2.)

Plaintiff seeks an injunction requiring the Court Defendants to provide a recording or transcript in all criminal cases in the El Dorado County Superior Court, arguing this is required to prevent that Court from continuing to violate criminal defendants' rights under the Due Process and Equal Protection Clauses of the United States Constitution.  The Court Defendants argue Plaintiff lacks standing to seek this injunction since Plaintiff cannot show "he is realistically threatened by a repetition of [the alleged unconstitutional violations]," citing Truth v. Kent School District, 542 F.3d 634, 642 (9th Cir. 2008) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983)).  Plaintiff counters he will likely face the same situation again.

"Plaintiffs in the federal courts must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction." O'Shea v. Littleton, 414 U.S. 488, 493 (1974)(internal citations and quotations omitted).  "Abstract injury is not enough."  Id. at 494.

Plaintiff's stated injury is his fear that he could be in the same situation again.  But "'attempting to anticipate whether and when [Plaintiff] will be charged with crime and will be made to appear before [the El Dorado County Superior Court again] takes us into the area of speculation and conjecture,' [which is] insufficient to confer

4

standing." Lee v. State of Or., 107 F.3d 1382, 1389 (9th Cir. 1997) (quoting and citing O'Shea, 414 U.S. at 497).  It is "assumed [Plaintiff] will conduct [his] activities within the law and so avoid prosecution and . . . exposure to the challenged course of conduct said to be followed by [the Court Defendants]." O'Shea, 414 U.S. at 497.  Since Plaintiff lacks standing, the Court Defendants' dismissal motion is granted.

Dated:   December 3, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge