IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
LEO BERGER,                          )
                                     )    2:08-cv-1688-GEB-EFB
           Plaintiff,                )
                                     )
      v.                             )    ORDER GRANTING DEFENDANTS'
                                     )    MOTION FOR SUMMARY JUDGMENT
J.T. BRANDON, as an individual       )
in an individual capacity, and       )
MACDOWELL, as an individual in       )
an individual capacity,              )
                                     )
           Defendants.[1]            )
_____
```

Defendant J.T. Brandon moves for summary judgment on Plaintiff's first and third causes of action, and Defendant John MacDowell moves for summary judgment on Plaintiff's third cause of action. Defendants argue Plaintiff agreed to dismiss his second cause of action during a deposition. Plaintiff's Second Amended Complaint is comprised of three causes of action; Brandon is a defendant in the first and third causes of action, and MacDowell is a defendant in Plaintiff's third cause of action. Brandon also seeks summary judgment on Plaintiff's first cause of action based on his qualified immunity

---

[1] The caption has been amended according to the Order filed December 3, 2008 dismissing Tracy Miller, and dismissing the only claim alleged against El Dorado County Superior Court, Judge Suzanne Kingsbury, and Tania G. Ugrin-Capobianco. (ECF No. 22.) The caption has also been amended to reflect the parties' stipulation dismissing Ryan Davenport. (ECF No. 41.)

1

defense. However, it is unnecessary to reach the merits of this defense because of the ruling below.

During oral argument on the motion Plaintiff agreed to dismiss his second cause of action, but opposes the rest of the motion. Therefore, Plaintiff's second cause of action is dismissed.

## I.  LEGAL STANDARD

A party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If this burden is satisfied, "the non-moving party must set forth, by affidavit or as otherwise provided in [Federal] Rule [of Civil Procedure] 56, *specific facts* showing that there is a genuine issue for trial."  T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quotations and citation omitted) (emphasis in original).

> On an issue as to which the nonmoving party will have the burden of proof, however, the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case. If the moving party meets its initial burden, the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial.

Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (citations and internal quotation marks omitted). "Where disputed issues of material fact exist, . . . [a]ll reasonable inferences must be drawn in favor of the non-moving party." Bryan v. McPherson, 608 F.3d 614, 619 (9th Cir. 2010)(citations omitted).

## II. STATEMENT OF UNCONTROVERTED FACTS

Plaintiff Leo Berger and his wife ("Mrs. Berger") left a friend's party at about 11 p.m. on July 28, 2006, in a car driven by Plaintiff. (Statement of Undisputed Facts ("SUF") ¶ 1; Plaintiff's Separate Statement in Opp'n ("PSS") ¶ 12.) Plaintiff and Mrs. Berger

1  were "involved in a single car traffic accident[,]" in which "Mrs.
2  Berger sustained injuries . . . including bleeding from her nose/face."
3  (SUF ¶¶ 1,4; PSS ¶ 15.)
4     Officers Brandon, MacDowell, and Dougherty investigated the
5  accident. (Brandon Dep. 13:15-21; 15:17-23.) Plaintiff "told
6  investigating officers that he was the driver of the car[,]" and that
7  "he had a few drinks." (SUF ¶¶ 2,3.) Plaintiff "refused to submit to a
8  Field Sobriety Test or to answer any further questions regarding the
9  accident." Id. ¶ 6. "Officers noted that [Plaintiff] smelled of
10 alcoholic beverages[.]" Id. ¶ 8. Plaintiff argues otherwise but he does
11 not support this argument with evidence. (PSS ¶ 8.) "Mere argument does
12 not establish a genuine issue of material fact to defeat summary
13 judgment." MAI Systems Corp. v. Peak Computer, Inc., 991 F.2d 511, 518
14 (9th Cir. 1993).
15    Brandon arrested Plaintiff under California Vehicle Code §
16 23153. (Decl. in Supp. of Opp'n Ex. 1.) This vehicle code section
17 proscribes driving under the influence of alcohol or drugs during which
18 the intoxicated driver causes bodily injury to another person. The
19 People of the State of California subsequently filed criminal charges
20 against Plaintiff under California Vehicle Code §§ 23153(a), 23153(b),
21 which were ultimately dismissed pursuant to the People's oral motion.
22 Id. Ex. 3.

### III. DISCUSSION

**1. First Cause of Action**

25    Defendants seek summary judgment on Plaintiff's first cause of
26 action, in which Plaintiff alleges claims against Brandon for false
27 arrest and malicious prosecution. (Defs.' Mot. for Summ. J. ("Mot.")
28 5:9-10.) Plaintiff alleges Brandon had no probable cause to arrest him

3

1 and that Brandon falsified the police report related to the accident and
2 arrest. (Second Amended Compl. ("SAC") ¶ 39.)

3       Defendants argue Brandon had probable cause to arrest
4 Plaintiff under California Vehicle Code § 23153 based solely on the
5 undisputed facts. (Mot. 5:23-6:7.) Plaintiff counters Brandon "had no
6 direct or indirect evidence of Mr. Berger's level of intoxication when
7 he got into the car and, more importantly, did nothing to determine if
8 any evidence was available to support or negate [the] decision to arrest
9 Mr. Berger." (Opp'n to Mot. for Summ. J. ("Opp'n") 6:15-18.)

10     **a. FALSE ARREST**

11       "An arrest is supported by probable cause if, 'under the
12 totality of circumstances known to the arresting officers, a prudent
13 person would have concluded that there was a fair probability that [the
14 defendant] had committed a crime.'" Beier v. City of Lewiston, 354 F.3d
15 1058, 1065 (9th Cir. 2004) (quoting Grant v. City of Long Beach, 315
16 F.3d 1081, 1085 (9th Cir. 2002)). "A police officer has probable cause
17 to effect an arrest if at the moment the arrest was made . . . the facts
18 and circumstances within [his] knowledge and of which [he] had
19 reasonably trustworthy information were sufficient to warrant a prudent
20 man in believing that the suspect had violated a criminal law." Grant,
21 315 F.3d at 1085 (internal quotation marks omitted). "Because the
22 probable cause standard is objective, probable cause supports an arrest
23 so long as the arresting officers had probable cause to arrest the
24 suspect for any criminal offense, regardless of their stated reason for
25 the arrest." Edgerly v. City and County of San Francisco, 599 F.3d 946,
26 954 (9th Cir. 2010) (citing Devenpeck v. Alford, 543 U.S. 146, 153-55
27 (2004)).

28

4

1   Based on the uncontroverted facts of which Brandon knew at the
2 moment he arrested Plaintiff, the facts and circumstances within his
3 knowledge and of which he had reasonably trustworthy information were
4 sufficient to warrant a prudent man in believing that Plaintiff had
5 violated Vehicle Code § 23153. Therefore, Brandon's summary judgment
6 motion on Plaintiff's false arrest claim is GRANTED.

7   **b. MALICIOUS PROSECUTION**

8   Defendants also argue since Brandon had probable cause to
9 arrest Plaintiff, he is also entitled to summary judgment on Plaintiff's
10 malicious prosecution claim. (Mot. 5:10-12; Reply to Opp'n ("Reply")
11 5:10-11.) Plaintiff counters that the motion should be denied because
12 Brandon submitted false and unsubstantiated evidence to the district
13 attorney which resulted in him being maliciously prosecuted. (Opp'n
14 13:22, 14:5-8.)

> In order to prevail on a § 1983 claim of malicious
> prosecution, a plaintiff must show that the defendants
> prosecuted [him] with malice and without probable cause,
> and that they did so for the purpose of denying [him]
> equal protection or another specific constitutional
> right. Malicious prosecution actions are not limited to
> suits against prosecutors but may be brought, as here,
> against other persons who have wrongfully caused the
> charges to be filed.

Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004)
(citations and internal quotation marks omitted).

> Ordinarily, the decision to file a criminal complaint is
> presumed to result from an independent determination on
> the part of the prosecutor, and thus, precludes liability
> for those who participated in the investigation or filed
> a report that resulted in the initiation of proceedings.
> However, the presumption of prosecutorial independence
> does not bar a subsequent § 1983 claim against state or
> local officials who improperly exerted pressure on the
> prosecutor, knowingly provided misinformation to him,
> concealed exculpatory evidence, or otherwise engaged in
> wrongful or bad faith conduct that was actively
> instrumental in causing the initiation of legal
> proceedings.

5

Id. (citing Smiddy v. Varney, 665 F.2d 261, 266-68 (9th Cir. 1981)).

Plaintiff argues the report Brandon submitted to the district attorney was false and fabricated because Brandon falsely stated in his report that Mrs. Berger had a broken nose. (Opp'n 7:8-11.) Defendants have not addressed Brandon's allegedly false report; and instead rely on their argument that Brandon had probable cause to arrest Plaintiff. (Reply 5:10-11.)

It is undisputed that Mrs. Berger was injured in the accident. (SUF ¶ 4.) Even assuming arguendo that Brandon exaggerated the nature of Mrs. Berger's injury in the report, there is no evidence that this exaggeration was "instrumental in causing the initiation of legal proceedings" against Plaintiff. Awabdy, 368 F.3d at 1066. Therefore, Brandon's summary judgment motion on Plaintiff's malicious prosecution claim is GRANTED.

**2. Third Cause of Action**

Defendants seek summary judgment on Plaintiff's third cause of action, in which he alleges a conspiracy to violate his civil rights against Brandon and MacDowell. (Mot. 8:23-9:1.) Specifically, Plaintiff alleges that after he was arrested for driving under the influence, Defendants entered into an agreement to cover up their violations of Plaintiff's civil rights. (SAC ¶ 58.) Plaintiff also alleges "defendants [made] threatening calls to him . . . to cause plaintiff fear and to silence plaintiff's protestations." Id. ¶ 60.

Defendants argue "there are no specific acts alleged or evidenced which could support a conspiracy claim against either Brandon or MacDowell for any civil rights violations." (Mot. 9:2-3.) Plaintiff has not addressed this argument.

"On an issue as to which the nonmoving party will have the burden of proof, . . . the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." <u>Soremekun v. Thrifty Payless, Inc.</u>, 509 F.3d 978, 984 (9th Cir. 2007) (citations omitted). Defendants have shown the absence of evidence supporting Plaintiff's third cause of action, and Plaintiff's conclusory allegations of a conspiracy are insufficient to defeat Defendants' motion. Therefore, Defendants' motion for summary judgment on Plaintiff's third cause of action is GRANTED.

## IV. CONCLUSION

For the stated reasons, judgment shall be entered in favor of Defendants.

Dated:  November 17, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge